

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARGARET THOMAS

VERSUS

IEM, INC.

CIVIL ACTION

NUMBER 06-886-FJP-CN

### RULING

This matter is before the Court on plaintiff's 12(b)(6) Motion to Dismiss Defendant's Counterclaims based on prescription.[1] The defendant opposes the motion.[2] For the reasons which follow, the plaintiff's motion to dismiss is denied.

I.   Factual & Procedural Background

The plaintiff, Margaret Thomas (Thomas), was terminated from her employment by the defendant, IEM, Inc. (IEM), effective December 16, 2005. Thereafter, she initiated this litigation by filing a Complaint against the defendant alleging discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964,[3] in violation of the Family and Medical Leave Act,[4] and other damages under Louisiana tort law including

---

[1]Rec. Doc. No. 9.

[2]Rec. Doc. No. 11.

[3]42 U.S.C. § 2000e *et seq.*

[4]29 U.S.C. 2601 *et seq.*

Doc#44413



intentional infliction of emotional distress, humiliation, anguish and embarrassment. In its Answer to plaintiff's complaint, the defendant asserted counterclaims against the plaintiff for conversion, misappropriation, unfair trade practices and breach of her loyalty and fiduciary duty.[5] All of defendant's counterclaims are based on Louisiana tort and subject to the liberative prescription period of one year.

The plaintiff filed her initial suit on November 16, 2006, and filed her First Amending and Supplemental Complaint on January 24, 2007. The defendant answered plaintiff's complaint and asserted counterclaims against plaintiff on February 19, 2007. The plaintiff has filed a Motion to Dismiss these counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing these counterclaims have prescribed under Louisiana law. Plaintiff contends that since these counterclaims are delictual actions subject to a one-year prescriptive period under Louisiana Civil Code Article 3492, and since the defendant asserted such claims more than one year after plaintiff was terminated, the counterclaims are now prescribed.

In response to plaintiff's motion, IEM argues that Louisiana Code of Civil Procedure article 1067 creates an exception to the general rule of prescription in certain cases, and defendant's counterclaims were timely filed under this provision.

---

[5]Rec. Doc. No. 6.

The Court now turns to the merits of the parties' contentions.

## II. Law and Analysis

### A.   Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is viewed with disfavor and is rarely granted.[6] A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[8] In ruling on such a motion, the Court cannot look beyond the face of the pleadings.[9] The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.[10] A plaintiff, however,

---

[6] *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

[7] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[9] *Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999), *cert. denied*, 530 U.S. 1229 (2000).

[10] *Lowrey*, 117 F.3d at 247.

must plead specific facts, not mere conclusory allegations, to avoid dismissal.[11]

Dismissal is warranted if a plaintiff has (1) been given the opportunity to plead his best case, (2) made specific and detailed allegations constituting his best case, and (3) still fails to state a claim.[12]

Normally, consideration of a 12(b)(6) motion focuses solely on the allegations in the complaint. However, introduction of matters of public record and entertainment of oral argument is permissible.[13] Furthermore, in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.[14] "When deciding a Rule 12(b)(6) motion, the Court will not consider matters outside the pleadings, except those matters of

---

[11]*Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[12]See *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986)(recognizing that dismissal is required if a plaintiff has had fair opportunity to make his case, but has failed); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) (assuming that the specific allegations of the amended complaint constitute the plaintiff's best case).

[13]*Louisiana ex rel. Guste v. United States*, 656 F.Supp. 1310, 1314 n. 6 (W.D.La. 1986), *aff'd*, 832 F.2d 935 (5th Cir.1987), *cert. denied*, 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988) *citing* 5 Wright & Miller, Federal Practice and Procedure, §§ 1357 n. 41 and 1364, n. 24-43.

[14]*Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.), *cert. denied*, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122(1994).

which the Court takes judicial notice."[15]

**B.   Louisiana Code of Civil Procedure article 1067**

Article 1067 of the Louisiana Code of Civil Procedure provides as follows:

> An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.

There is no dispute that the defendant's counterclaims are incidental demands under Louisiana law.  While the Court's subject matter jurisdiction over this case is based on federal question jurisdiction, there is no dispute that the Court must apply Louisiana's law of prescription to the state law tort counterclaims present in this case.  The limited federal jurisprudence on the application of article 1067 supports its application in the present case.

In *Videocipher, Div. of Cable/Home Communications Corp. v. Satellite Earth Stations, SESE, Inc.*, the district court for the Western District of Louisiana addressed the application of Article

---

[15]*Cousin v. Small*, 2001 WL 617455 (E.D.La. 2001) *referring to* Fed. R. Civ. P. 12(b); Fed R. Evid. 201; *see also, Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 909 F.Supp. 400, 403 (E.D.La. 1995) ("[T]he Court may take judicial notice of matters of public record."); *Chadwick v. Layrisson*, 1999 WL 717628, at *2 (E.D.La. Sept. 13, 1999) (same).

1067 to a claim brought under the Louisiana Unfair Trade Practices Act, which is subject to a one-year prescriptive period.[16] The court found as follows:

> The Court need not decide this issue on the question of whether there existed a continuing violation on the part of GI, as Louisiana Code of Civil Procedure Article 1067 permits the filing of an incidental demand if it was not time-barred at the time the main demand was filed and if it is filed within 90 days from service of process. Although this provision is contained in the Code of Civil Procedure, the Western District has on two occasions treated this provision as a matter of substantive law governing prescription and peremption. See, *Gates Rubber Co. v. Comeaux*, 455 F.Supp. 531 (W.D. La. 1978) and *Tenark Const. Corp. v. Great American Mortg. Investors*, 431 F.Supp. 863 (W.D. La. 1977).
>
> This Court could find no other instance where a federal court considered the question of the applicability of La.C.C.P. Art. 1067. However, as this provision has the express purpose of permitting a defendant otherwise barred by prescription or preemption to assert a cause of action, i.e., having the effect of modifying the definition or nature of prescription or peremption, this Court believes this to be not a matter of state procedural law, rather to be that akin to prescription and to substantive law which we are Erie-bound to apply.[17]

In *Evert v. Finn*, the district court for the Eastern District of Louisiana also applied article 1067, although in that case the incidental demand was a third party demand rather than a counterclaim.[18] The court stated, "[i]n Louisiana, the term

---

[16] 1992 WL 208037 (W.D. La., July 30, 1992).

[17] *Id.* at *12-13.

[18] 1999 WL 397401 (E.D. La., June 15, 1999).

'incidental demand' includes third party demands, which are roughly analogous to third party complaints under federal law."[19]

Finding the claims at issue timely filed, the *Evert* court held that, pursuant to Article 1067, the claims "are not barred by prescription because they were presumably filed within ninety days of the date of service of the main demand, which the Everts filed on December 11, 1998."[20]

In the case pending before this Court, plaintiff filed her original Complaint on November 16, 2006. On November 22, 2006, the defendant accepted service of plaintiff's complaint by submitting a Rule 4(d) Waiver of Service of Summons. The defendant filed its Answer and counterclaims on February 19, 2007.

The Court finds that Louisiana Code of Civil Procedure Article 1067 is applicable under the facts of this case. The Court also finds that IEM satisfies the requirements of article 1067 since its counterclaims were not barred at the time the main demand was filed on November 16, 2006. It is also clear that the counterclaims were filed within ninety days of the date of service of the main demand, which was November 22, 2006. February 19, 2007 is clearly within ninety days of November 22, 2006.

Thomas cites two Fifth Circuit cases to support her motion to

---

[19]*Id.* at *3 (*Compare* LSA-C.C.P. Arts. 1031, 111 *with* Fed. R. Civ. Proc. 7, 14.).

[20]*Id.*

dismiss: *Batiste v. Island Records, Inc.*[21] and *Wohlschlaeger v. Fairmont Hotel Company*.[22] These cases are easily distinguished from the case at bar. In both *Batiste* and *Wohlschlaeger*, the state tort claims which were dismissed based on prescription were brought by the plaintiffs. These claims were not incidental demands brought by defendants or third parties and did not trigger the application of Article 1067. Thus, plaintiff's reliance on these cases is misplaced and the cases are not relevant to the issue pending before this Court.

After a careful review of the entire record, the Court finds that defendant's counterclaims were timely filed under Article 1067 of the Louisiana Code of Civil Procedure. Therefore, plaintiff's motion to dismiss based on prescription is without merit under the law and facts of this case.

### III. Conclusion

For the reasons set forth above, plaintiff's motion to dismiss defendant's counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

Baton Rouge, Louisiana, _May 31_, 2007.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[21] 179 F.3d 217 (5th Cir. 1999).

[22] 83 F.3d 419 (5th Cir. 1996).