UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARGARET THOMAS                                                          CIVIL ACTION

VERSUS

IEM, INC.                                                                NO. 06-886-B-M2

## RULING & ORDER

This matter is before the Court on the Motion to Compel Response to Subpoena Issued to Defendant for Electronic Documents (R. Doc. 24) filed by plaintiff, Margaret Thomas ("Thomas"). Defendant, Innovative Emergency Management, Inc. ("IEM"), has filed an opposition (R. Doc. 25) to this motion.

## FACTS & PROCEDURAL BACKGROUND

Thomas filed this suit on November 16, 2006, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, retaliation in violation of the Family and Medical Leave Act, and other state law claims. On April 5, 2007, Thomas propounded interrogatories and requests for production of documents to IEM, to which IEM responded on July 31, 2007. Within IEM's responses were over five hundred (500) pages of documents, a majority of which were copies of emails authored by various employees that IEM intends to use to support its defenses in the present suit.[1]

On December 14, 2007, IEM took Thomas's deposition, at which time a number of

---

[1] In fact, IEM represents, in its present opposition and exhibits attached thereto, that it conducted a good faith search for all documents, including emails, relevant to the claims and defenses of the parties to this lawsuit, and such documents were produced in its responses to Thomas's requests for production of documents.

1

the emails produced by IEM were discussed.  Following that deposition, Thomas prepared and issued a subpoena to IEM, demanding the production of the following:  "A complete electronic copy of the Microsoft Exchange E-mail box as it existed on December 31, 2005, or as close thereto as possible for the following users:  Bridget Glaviano, Richard Haley, Joseph DeGaetani, Margaret Thomas, Dave DeCarlo, Jaime Coots, Becky Muse, Michelle Peters, Andres Calderon."  According to Thomas, the listed individuals were her supervisors and co-workers at IEM.  The subpoena was served upon a party to this matter, IEM's principal (Madhu Beriwal), at her home on Christmas weekend, December 23, 2007.

IEM served formal objections to the subpoena on January 8, 2008, asserting that (1) the subpoena is unduly duplicative and unduly burdensome; (2) it seeks information that is irrelevant and overbroad; (3) that the information sought contains valuable trade secrets, business proprietary and sensitive and confidential information; and (4) that IEM was not given sufficient time to respond to the subpoena.  On January 14, 2008, counsel for both parties participated in a telephone discovery conference, at which time Thomas's counsel explained for the first time that he believed IEM's July 2007 discovery responses were incomplete and therefore propounded the subpoena in question.  The parties were unable to reach a resolution to their discovery dispute, and Thomas therefore filed the present motion to compel a response to her subpoena.

## **LAW & ANALYSIS**

In its opposition to the present motion, IEM objects to Thomas's subpoena on the following five (5) grounds:  (1) Rule 45 subpoenas are not meant to serve as discovery tools among parties; (2) Nearly all of the information sought by the subpoena is irrelevant; (3) The information subpoenaed contains trade secret and confidential communications;

(4) The subpoena is duplicative and unduly burdensome; and (5) The subpoena did not provide ample time to respond.  The Court finds IEM's objections to have merit and will therefore deny Thomas's motion to compel a response to her Rule 45 subpoena.

First, the Court agrees with IEM that Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation,[2] are generally used to obtain documents from non-parties and are "clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Burns v. Bank of America*, 2007 WL 1589437 (S.D.N.Y. 2007).  Courts have noted on numerous occasions that, "if documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them" pursuant to Rule 45.  *Id.*, at *14, citing *Hasbro, Inc. v. Serafino*, 169 F.R.D. 99, 100 (D.Mass. 1996)(Discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45); Wright & Miller, *Federal Practice and Procedure* §2107 and 2204 ("Though the rules do not say so expressly, a subpoena is not necessary if the person [from whom documents are sought] is a party").[3]

---

[2] *Burns v. Bank of America*, 2007 WL 1589437 (S.D.N.Y. 200&)(Rule 45 does not, by its terms, prohibit service of subpoenas upon parties to an action); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 n. 5 (S.D.N.Y. 2000); *Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 564 (W.D.N.C. 2002).

[3] *See also, Smith v. Pendergrass*, 2003 WL 21919182 (N.D.Ind. 2003)("Plaintiff wants to serve his subpoenas on parties to this suit; however, he should properly obtain such discovery through Rule 34 document requests.  Thus, we can simply ignore his request that the Court issue these Rule 45 subpoenas"); *Smith v. Transducer Technology, Inc.*, 197 F.R.D. 260 (D.C. Virgin Islands 2000)("While both Rules 34 and 45 have been amended . . . it is evident to this court that Rule 45, to the extent it concerns discovery, is still directed at non-parties and that Rule 34 governs the discovery of documents in the possession or control of the parties themselves . . . Indeed Rule 34, which unquestionably applies only to parties, illuminates the scope of

The subpoena in question clearly constitutes "discovery" from a party within the meaning of Rules 26 and 34 and therefore comes up against the Court's discovery schedule. The discovery deadline in this matter was January 15, 2008. Considering that the subpoena in question was not served until December 23, 2007, it is clear that if that request for documents had been propounded in the manner preferred under the Federal Rules, as a request for production of documents pursuant to Rule 34, the deadline for IEM to respond would have fallen outside the discovery deadline (*i.e.*, thirty days from service of the Rule 34 request, or January 23, 2008).

Accordingly, it appears that Thomas propounded the document request as a Rule 45 subpoena, demanding production within fifteen (15) days of December 23, 2007, in order to require a response by IEM prior to the January 15, 2008 discovery deadline. The Court will not allow Thomas to employ a Rule 45 subpoena to avoid the discovery deadline and to obtain documents from IEM that could have been requested pursuant to a Rule 34 document request well before that deadline. *Alper*, at 283. If Thomas was indeed dissatisfied with IEM's July 2007 response to her request for production of documents, she should have raised that issue through a motion with the Court prior to expiration of the discovery deadline, or if her initial document requests were insufficient to obtain the documents needed, she should have propounded another Rule 34 document request

---

Rule 45 when it directs that '[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45'"); *Badman v. Stark*, 139 F.R.D. 601, 603 (M.D.Pa. 1991); *McAleese v. Owens*, 1991 WL 329930 (W.D. Pa. 1991); *Kean v. Van Dyken*, 2006 WL 374502 (W.D.Mich. 2006); *Alper v. United States*, 190 F.R.D. 281, 183 (D.Mass. 2000)("While the language of Rule 45 . . . may . . . not be crystal clear, it is apparent . . . that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45").

tailored to obtain that information prior to the discovery deadline. *See, Burns*, at *14 (where the court found that the plaintiffs' Rule 45 subpoena was for precisely the same documents as had been demanded in their First Request for Production of Documents and was therefore clearly duplicative. The defendant's motion to quash that subpoena was therefore granted).

Secondly, the Court finds that the request contained in Thomas's subpoena is indeed overly broad and burdensome, in that it fails to narrow its scope to information relevant to the claims and defenses in this lawsuit.[4] *See*, Fed. R. Civ. P. 26(a)(1)[Emphasis added]("Parties may obtain discovery regarding any matter, not privileged, that is *relevant to the claim or defense of any party*." Only for good cause shown, may a court order discovery of any matter relevant to the subject matter involved in the action); *Marks v. Shaw Constructors*, 2001 WL 1132028, *2 (E.D.La. 2001)(granting a motion to quash a subpoena duces tecum because the plaintiff failed to show that the depositions and exhibits sought were relevant to her claim and failed to demonstrate good cause for the discovery of information that may be relevant to the subject matter involved in the action).[5]

---

[4] Thomas's subpoena is not limited in terms of time or subject matter but simply requests all emails contained in the designated individuals' in-boxes as of a particular date.

[5] *See also*, *Murphy Oil USA, Inc. v. Fluor Daniel, Inc.*, 2002 WL 246439 (E.D.La. 2002)(denying a motion to compel a response to an interrogatory where the plaintiff failed to show that the information sought related to a claim or defense of either party); *Anderson v. Abercrombie and Fitch Stores, Inc.*, 2007 WL 1994059 (S.D. Cal. 2007)(The threshold requirement for discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to the subject matter involved in the action"); *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)(Courts have broad discretion to determine whether a subpoena is unduly burdensome. For example, a subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of

When the burdensomeness of a subpoena is at issue, the onus is on the party alleging the burden, and assertions of a burden without "specific estimates of staff hours needed to comply" are typically rejected. *Gabe Staino Motors, Inc. v. Volkswagen of America*, 2003 WL 25666135 (E.D. Pa. 2003). In the present matter, IEM has set forth a detailed account of the overly burdensome nature of Thomas's subpoena request as well as a specific estimate of the staff hours, and associated monetary cost, that would be expended in order to comply with IEM's subpoena.[6] The Court finds that IEM has met its

---

the litigation).

[6] Specifically, IEM explains that, if it were compelled to comply with Thomas's overly broad subpoena, it would be required to search and produce relevant, non-privileged documents from the following:

- Richard Haley's email box, containing more than 12,000 emails, consisting of nearly 850,000 kilobytes of electronic data.

- Bridget Glaviano's email box, containing 28,000 emails consisting of more than 530,000 kilobytes of electronic data.

- Jamie Coots email box, containing 1,018 emails consisting of more than 44,600 kilobytes of electronic data.

- Becky Muse's email box, containing more than 2,000 emails consisting of more than 27,000 kilobytes of electronic data.

- Michelle Peters' email box, containing 1,700 emails consisting of more than 41,000 kilobytes of electronic data.

- Joe DeGaetani's email box, containing 1,051 emails consisting of 28,554 kilobytes of electronic data.

burden of demonstrating the overly burdensome nature of Thomas's subpoena. Furthermore, Thomas has failed to demonstrate that the documents sought through her subpoena are relevant to claims and defenses in this lawsuit and that good cause exists to obtain such discovery.  The Court agrees with IEM that Thomas's "firm belief" that the email "inbox" of each of the identified individuals will contain "additional relevant evidence" or "is likely to lead to additional admissible evidence" is insufficient to satisfy the relevance requirement under Rule 26.[7]  *See, Surles v. Air France*, 2001 WL 1142231 (S.D.N.Y. 2001)(quoting *Spina v. Our Lady of Mercy Medical Center*, 2001 WL 630418, *2 (S.D. N.Y.

---

- Andres Calderon's email box, containing nearly 8,000 emails consisting of 186,149 kilobytes of electronic data.

- Dave DeCarlo's email box, containing 4,800 emails consisting of 184,164 kilobytes of electronic data.

- Margaret Thomas's email box, containing more than 4,700 emails consisting of 184,000 kilobytes of electronic data.

*See*, IEM's opposition, R. Doc. 25, pp. 3-5.  In total, to avoid disclosure of confidential and sensitive information, IEM estimates that it would be forced to review more than 67,000 emails, requiring approximately 700 hours of staff time at a cost exceeding $120,000.00.  *Id.*, pp. 6, 8-9.  The fact that Thomas has requested the emails in electronic form does not decrease the amount of time and money that would be expended by IEM for compliance with the subpoena because IEM would not simply produce all of the emails requested; it would instead still be required to review all of the emails, prior to production, to ensure that they are relevant to this litigation and non-confidential.

[7] Thomas asserts that the fact that IEM is "going to rely upon a considerable volume of e-mail to support its case makes the entire e-mail inbox relevant and discoverable under rule 26 or 45."  Such an assertion is incorrect, given that, according to IEM's representations, the majority (if not all) of the emails requested relate to subject matters that have nothing to do with Thomas or her claims in this lawsuit.

7

2001)(The information sought does not become relevant merely because a party speculates that it might reveal useful material. "Where a [party] fails to produce any specific fact whatsoever to support a[n] . . . allegation, a district court may, in its discretion, refuse to permit discovery . . .").[8]

Thirdly, because IEM has represented that it is not aware of any new relevant email documents that would be produced pursuant to Thomas's subpoena request that were not previously produced in response to her Rule 34 request for production of documents back in July 2007, the Court finds that the subpoena request is duplicative.[9] Finally, considering IEM's estimates as to how long it would take for it and/or its counsel to conduct the required search for relevant and non-confidential documents in compliance with Thomas's subpoena, the Court finds that the amount of time allowed for it to respond to the subpoena was insufficient.[10] As noted above, IEM was served with the subpoena on December 23, 2007, and the subpoena demanded production of the requested information within fifteen

---

[8] *See also, Bank Brussels Lambert v. Chase Manahattan Bank*, 1996 U.S. Dist. LEXIS 13114, *9 (S.D. N.Y. 1996)(Defendant "will not be given license to search the files based on speculation"); *In re Alliance Pharmaceutical*, 1995 WL 51189, *1 (S.D.N.Y. 1995)("[D]iscovery requests . . . cannot be based on pure speculation").

[9] While IEM also contends that it is not required to respond to Thomas's subpoena because it seeks the production of highly confidential and sensitive information, the Court notes that such reason alone would not be grounds for failing to respond to a subpoena if the subpoena were otherwise acceptable. In other words, if the subpoena in question was appropriately tailored to obtain information relevant to this suit, IEM would not be required to produce confidential and sensitive information, but it would be required by Rule 26(b)(5) to describe the nature of such documents in a privilege log in a manner that, without revealing information itself privileged or protected, would enable the plaintiff to assess the applicability of the asserted privileges or protections. *See,* Fed. R. Civ. P. 26(b)(5).

[10] Pursuant to Rule 45(c)(3)(A)(i), a court may quash or modify a subpoena that fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(c)(3)(A)(i).

(15) days, or by January 7, 2008.  If the business holidays for Christmas Day and New Years Day are taken into account, IEM was left with only nine (9) business days within which to respond to Thomas's subpoena -- a clearly inadequate amount of time to conduct the extensive search discussed by IEM in its opposition.[11]

Accordingly;

**IT IS ORDERED** that the Motion to Compel Response to Subpoena Issued to Defendant for Electronic Documents (R. Doc. 24) filed by plaintiff, Margaret Thomas, be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, March 12, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[11] Based upon IEM's estimates, over four (4) weeks of staff time, working twenty-four hours a day for seven days a week, would be required to appropriately respond to Thomas's overbroad subpoena.